IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARVIN L. PATTON AND, )
LATEEFAH MUHAMMAD, )
   Plaintiffs, )
) CASE NO.: 3:17-cv-659-WC
)
v. ) **JURY DEMANDED**
)
)
TUSKEGEE FEDERAL CREDIT UNION, )
   Defendant. )

**COMPLAINT**

1. The Plaintiffs, Marvin L. Patton ("Patton") and Lateefah Muhammad ("Muhammad"), hereby files this Complaint against the named Defendant. The Plaintiffs reside in Tuskegee, Alabama 36083, and have resided there for more than six months. They are over the age of nineteen years.

2. The Defendant is Tuskegee Federal Credit Union ("TFCU"), a private, for-profit corporation in Alabama. The principal office of the named Defendant is 301 West Montgomery Road, Tuskegee, Alabama 36083.

3. The Defendant is a financial institution and conducts business in that regard in Tuskegee, Macon County, Alabama, with members from various locations. The Defendant employs approximately 10 individuals.

**JURISDICTION**

4. This action is brought pursuant to alleged violations of **Title VII of the Civil Rights Act, as amended.** It is also brought pursuant to alleged violations of the **Fifth Amendment** and the **Fourteenth Amendment** to the *United States Constitution*, and pursuant to alleged violations of **Title 42,** particularly **42 U.S.C. §§ 1983,** all deprivations of civil rights under the law. Jurisdiction is founded upon **28 U.S.C. §1331.**

**PARTIES**

5. The Plaintiffs, Marvin L. Patton ("Patton") and Lateefah Muhammad ("Muhammad"), are husband and wife and were owners of property on which TFCU foreclosed on 30 September 2015. They initially purchased the said property on 21 November 2003. The mortgage and promissory note that are in question in this lawsuit were initiated by Patton and Muhammad on 20 October 2006. Patton and Muhammad contend that they were forced out of the property through an invalid and/or void foreclosure proceeding by TFCU.

6. The Defendant, Tuskegee Federal Credit Union, is a financial institution that finances purchases of real estate for its members, and has its principal business in

Tuskegee, Macon County, Alabama.

## FACTUAL ALLEGATIONS

7. The Plaintiffs allege that the Defendant has violated their civil rights and the laws of the state of Alabama as it relates to foreclosure proceeding. They also allege that they were subjected to unfair and unlawful business practices, harassment, humiliation, loss of real property.

On or about the 20th of October, 2006, the Plaintiffs, Marvin L. Patton and Lateefah Muhammad, (hereinafter referred to as "Patton" and "Muhammad"), obtained a mortgage from the Defendant Tuskegee Federal Credit Union, (hereinafter referred to as "TFCU") to secure a promissory note on their home/property at 3002 West Montgomery Road, Tuskegee Institute, Alabama 36088, in the amount of $104,800.00. Patton and Muhammad had agreed to repay the mortgage at $693.75 each month until paid in full over a 30-year period at 6.95% per annum. The Plaintiffs maintained the mortgage on the said home/property, for the most part, until they began to suffer from the downturn of the local economy and upon the loss of employment by Patton in 2009.

Between 2006 and 2009, the Plaintiffs paid a

3

significant amount on the said mortgage to TFCU. During the period of time between 2009 and 2015, the Plaintiffs a substantial amount on the balance owed to the Defendant Tuskegee Federal Credit Union.

On or about the 30th day of September, 2015, the Defendant Tuskegee Federal Credit Union conducted an invalid foreclosure sale of the Plaintiffs' home/property on the sidewalk of the Macon County Courthouse. The Plaintiffs herein allege that the said foreclosure sale was unlawful, retaliatory and unjust. That as a result of the alleged unlawful, retaliatory and invalid foreclosure sale, Tuskegee Federal Credit Union did cause the Plaintiffs tremendous losses, both economic and pecuniary, extreme and severe mental anguish, emotional distress and undue delays and disruptions in their personal and professional lives.

The Plaintiffs allege that Tuskegee Federal Credit Union conducted an invalid foreclosure sale of their home/property in that the Defendant was not the owner or holder of the note and mortgage that secured the debt on the property. The Plaintiffs allege that the Defendant had negotiated, transferred and/or sold its ownership of the said note and mortgage to another company when the invalid

4

foreclosure sale occurred, thus violating the Plaintiffs' constitutional rights to their property, to allow the Plaintiffs have the matter concerning their property addressed by the proper the owner and holder of the note and mortgage, and denying their constitutional rights to due process under the law.

The Plaintiffs further contend that the Tuskegee Federal Credit Union violated Plaintiffs' constitutional rights when they denied them the opportunity to apply for a modification plan, despite requests by the Plaintiffs. The Plaintiffs made requests to apply to the Defendants for a modification of their loan. The Defendants refused to allow the Plaintiffs an application for a modification plan without any valid and legal justification. The Plaintiffs contend that the Defendants denied them the opportunity to apply for a modification plan on the basis of personal vendettas and political differences.

Further, the Plaintiffs aver that the Defendants violated their constitutional rights by denying them proper notice of default and acceleration of the mortgage, and a reasonable opportunity to cure a delinquency under the mortgage. The Plaintiffs again contend that the Defendants

cannot be allowed to sustain an invalid foreclosure on the note and mortgage held on the Plaintiffs' property because they failed to provide proper notice of default and acceleration of the mortgage, and a reasonable opportunity to cure a delinquency. They also allege that the Tuskegee Federal Credit Union's sales price for the property under its alleged power of sale was so inadequate as to shock the conscience and raises a presumption of fraud.

The Plaintiffs contend that the Defendant has provided other members proper notice of default, acceleration of the mortgage, and a reasonable opportunity to cure a delinquency beyond what the Plaintiffs were provided and allowed.

The Plaintiffs aver that they have lost tremendous personal property, much of which was either sold or given to others by the Defendant. The Plaintiffs claim they have suffered tremendous emotional and mental distress, endangerment to their health, economic loss, extreme personal inconvenience, humiliation, embarrassment and other pecuniary losses. Such losses cannot be restored. The Plaintiffs, therefore, claim punitive damages of the Defendants in the amount of Ten Million Dollars

($10,000,000.00).

## COUNT I – INVALID, VOID OR VOIDABLE FORECLOSURE

8. Patton and Muhammad allege that their real estate, which included their home and business, was wrongly foreclosed upon on 30 September 2015. They allege that because the Defendant did not own or hold the promissory note and mortgage to the property at the time of the foreclosure proceedings, they did not have the right to foreclose on the said real estate.

The law in Alabama clearly states that "'only the holder (owner) of the obligation can foreclose.'" *Coleman v. BAC Servicing*, 104 So.3d 195, 205 (Ala.Civ.App. 2012). *See also Gray v. Fed. Nat'l Mortg. Ass'n*, 143 So.3d 825, 832 (Ala.Civ.App. 2014). The Plaintiffs aver that because the Defendant Tuskegee Federal Credit Union was not the holder or owner of the note or mortgage in this case, then the foreclosure sale held and made by the Defendant on 30 September 2015 is invalid and is due to be set aside as void.

The **Fifth Amendment** of the *United States Constitution* provides that "No person shall … be deprived of life, liberty, or property, without due process of law …" which

7

is extended to the states by the **Fourteenth Amendment**, which states "No state shall make or enforce any law which … shall … deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const.*, **Amendment V** and *U.S. Const.*, **Amendment XIV**. The Plaintiffs contend that because the Defendant foreclosed on the Plaintiffs' home (property) without due process of the law and without equal protection of the law, they violated the Plaintiffs' constitutional rights under the **Fifth** and **Fourteenth Amendments** of the *United States Constitution*. They further aver that Alabama law does not support this blatant abuse of power under its law either.

The Alabama statute that governs mortgages states under **Section 35-10-9** of the *Alabama Code, 1975, as amended*, that "[a]ll sales of real estate, made under powers contained in mortgages or deeds of trust contrary to the provisions of this article, shall be null and void, notwithstanding any agreement or stipulation to the contrary."

9.   Patton and Muhammad allege that, prior to the foreclosure sale of the Plaintiffs' property, the Tuskegee Federal Credit Union showed evidence that it was not the

8

holder or owner of the note and mortgage by using such language as "Mortgagee or Transferee," "transferee" and "original creditor of this debt."

10. They allege that since the Tuskegee Federal Credit Union did not hold or own the note or mortgage, then the foreclosure sale must be deemed invalid and/or void, and should be set aside.

11. Patton and Muhammad demand judgment against the Tuskegee Federal Credit Union for actual, compensatory, liquidated and punitive damages in the amount of $10,000,000.00, plus where applicable, litigation expenses, attorney's fees, interest and costs;

## COUNT II – VIOLATION OF DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

12. The Plaintiffs further allege that the Defendant violated their constitutional rights by denying them proper notice of default and acceleration of and a reasonable opportunity to cure a delinquency under the mortgage which led to the invalid foreclosure. Plaintiffs again contend that the Defendants cannot be allowed to sustain an invalid or void or voidable foreclosure on the note and mortgage held on the Plaintiffs' property because they failed to provide proper notice of default and acceleration of the

9

mortgage and a reasonable opportunity to cure a delinquency.

13. Patton and Muhammad allege that, in addition to the lack of notice of default and acceleration with a reasonable opportunity to cure a delinquency, Tuskegee Federal Credit Union's sales price of the property under its alleged power of sale was so inadequate as to shock the conscience and raises a presumption of fraud. Patton and Muhammad contend that the total amount of the purchase price paid by the Tuskegee Federal Credit Union at the foreclosure sale on 30 September 2015 was allegedly $114,000.00. Less than one year later, the Tuskegee Federal Credit Union allegedly sold Patton and Muhammad's home for $75,000.00, almost one-half the amount of the purchase price.

15. Patton and Muhammad further allege that the Tuskegee Federal Credit Union's actions to foreclose on the Plaintiffs' property, to deny them proper notice and a reasonable opportunity to cure the delinquency on their mortgage and to sale their home, and for less than the purchase price, under its alleged power of sale, resulted from personal vendettas and political differences held

against the Plaintiffs by the Tuskegee Federal Credit Union. Further, they contend that the Tuskegee Federal Credit Union denied them the opportunity to apply for requested loan modifications due to these personal vendettas and for political reasons. Within the year after the alleged invalid or void or voidable foreclosure sale of Patton and Muhammad's property, the Tuskegee Federal Credit Union denied Muhammad's request to become a signatory on a new account with a local corporate organization, on whose board Muhammad serves, and without just cause, causing Muhammad further humiliation, mental anguish, extreme personal inconvenience, humiliation, embarrassment and other pecuniary losses.

Alabama's property laws permit big and small financial institutions to foreclose on the property of its customers when they fail to pay according to their notes and mortgages. However, Patton and Muhammad aver that the laws are not designed to permit such institutions to impose upon customers unjustly, as a result of personal vendettas and for political reasons. Patton and Muhammad contend that the law does not sanction these actions of the Tuskegee Federal Credit Union, and these actions cannot be allowed

11

to stand as just and legal when the evidence points to them being unjust and unlawful.

For well over 40 years, Muhammad has been one of the most outspoken political advocates for peace and justice in Macon County, Alabama, while supporting those political leaders who have demonstrated their interest for the people in their hearts and minds. To the contrary, during those same years, she has openly and vehemently opposed those political leaders who have worked against the best interest of the people. Patton and Muhammad aver that the Tuskegee Federal Credit Union, subservient to the powers-that-be in this County, especially to some of the leaders of the democratic machine, took advantage of the Patton and Muhammad's situation and used it to advance the cause of the powers-that-be in disrupting the lives of Muhammad and her family, much like she has seen occur in past situations with other families and individuals.

16. Patton and Muhammad demand judgment against the Tuskegee Federal Credit Union for actual, compensatory, liquidated and punitive damages in the amount of $10,000,000.00, plus where applicable, litigation expenses, attorney's fees, interest and costs.

**WHEREFORE, THE PREMISES CONSIDERED,** the Plaintiffs demand the following relief:

A. Actual, Compensatory, Liquidated and Punitive Damages in the amount of Ten Million Dollars ($10,000,000.00);

B. Restoration of the ownership of the real estate unlawfully foreclosed upon located at 3002 West Montgomery Road, Tuskegee Institute, Alabama 36088;

C. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

D. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

RESPECTFULLY SUBMITTED on this ___29th___ day of September, 2017.

_____
Marvin L. Patton, plaintiff

_____
Lateefah Muhammad, plaintiff

_____
Lateefah Muhammad (Ala. Code MUH001)
ATTORNEY FOR PLAINTIFFS

13

**OF COUNSEL:**
Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
lateefahmuhammad@aol.com
(334) 727-1997 telephone
(334) 727-1908 facsimile


The Plaintiff demands a trial by jury on all issues so triable.

_____
Lateefah Muhammad