IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN L. PATTON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-659-WKW |
| | ) | [WO] |
| TUSKEGEE FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On March 16, 2018, the Magistrate Judge filed a Recommendation (Doc. # 23) that Defendant's motion to dismiss on the federal law claims (Doc. # 6) be granted, that Plaintiffs' Motion for Leave to Amend the Complaint (Doc. # 16) be denied, and that Plaintiffs' Motion for Leave to Allow Limited Discovery (Doc. # 19) be denied. Plaintiffs did not file any objections to the Recommendation, despite being granted an extension to do so (Doc. # 25). Upon an independent review of the record and upon consideration of the Recommendation, the court finds that the Recommendation is due to be adopted.

That does not fully resolve this case, however, because rather than filing objections, Plaintiffs filed a Withdrawal of Claims and Voluntary Dismissal of Action. (Doc. # 26.) Plaintiffs did not indicate whether they sought voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) or Rule 41(a)(2) of the Federal Rules of

Civil Procedure. But dismissal pursuant to the former was not available to Plaintiffs because Defendant filed its motion to dismiss as a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 6) and attached exhibits in support of the motion (Docs. # 6-4, 6-2). Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff[s] may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves . . . a motion for summary judgment . . . ."). Consequently, this "action may be dismissed at the plaintiff[s'] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). To the extent Plaintiffs move for such a dismissal, the motion is due to be denied because this case is ready to be addressed on the merits.

Defendant objected to Plaintiffs' attempt to voluntary dismiss this action (Doc. # 28) and filed a motion for sanctions pursuant Rule 11(c)(2) (Doc. # 29). Defendant has been planning to file a motion for sanctions at least since October 24, 2017, the day it first responded to Plaintiffs' Complaint. (Doc. # 7, at 6 n.2, 13 n.4, 14; *see also* Doc. # 18, at 8 & n.3; Doc. # 28, at 3, 4.) But for some reason, Defendant waited to actually file the motion until April 20, 2018 — almost six months after filing its Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 6), and over a month after the Magistrate Judge filed his Recommendation that this case be dismissed.

Twenty-one days of that delay can be attributed to Rule 11(c)(2)'s safe harbor provision, which provides that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). That fails to explain why Defendant waited to serve Plaintiffs its motion until March 29, 2018 (*see* Doc. # 26) — after the Magistrate Judge filed his Recommendation and almost after the original deadline for objections to the Recommendation. To Plaintiffs' credit, they attempted to withdraw their complaint and voluntarily dismiss this case shortly after Defendant served them with its motion. (Doc. # 26.) Maybe they would have done so at the start of this case had Defendant served them with a motion for sanctions before filing its Motion to Dismiss or in the Alternative for Summary Judgment.

Instead, Defendant opted to litigate this case to its conclusion and then file a motion for sanctions. That motion is due to be denied as untimely.[1] As the Eleventh Circuit has explained:

> The advisory committee note on the 1993 amendments to Rule 11 states that "[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely . . . . Given the 'safe harbor' provisions . . . [in Rule

---

[1] Although the motion for sanctions is untimely, Plaintiffs should carefully review and abide by the provisions of Rule 11 to avoid drawing a sanctions motion if they insist on pursuing serial federal litigation on the same subject matter as this lawsuit.

3

11(c)(2)], a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." The rationale for this rule is simple: "if the court disposes of the offending contention within the 21-day safe-harbor period after service, it becomes impossible under the provision of Rule 11(c)(2) to file the motion or otherwise present it to the court."

*Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010) (first quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment, then quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 11.22[1][c] (3d ed. 2010)).

Accordingly, it is ORDERED that:

1. The Magistrate Judge's Recommendation (Doc. # 23) is ADOPTED;

2. Plaintiffs' Motion for Leave to Amend the Complaint (Doc. # 16) is DENIED;

3. Plaintiffs' Motion for Leave to Allow Limited Discovery (Doc. # 19) is DENIED;

4. Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 6) is GRANTED to the extent it seeks dismissal of the federal-law claims in the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

5. The federal-law claims are DISMISSED with prejudice pursuant to Rule 12(b)(6);

6. Supplemental jurisdiction is declined over Plaintiffs' state law claims, and those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3);

7. To the extent Plaintiffs' Withdrawal of Claims and Voluntary Dismissal of Action (Doc. # 26) can be construed as a motion to voluntarily dismiss this case pursuant to Rule 41(a)(2), that motion is DENIED; and

8. Defendant's motion for sanctions (Doc. # 29) is DENIED.

A final judgment will be entered separately.

DONE this 28th day of August, 2018.

                                           /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE